IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| NICHOLE HANKINS & CHARLES DUDDING, INDIVIDUALLY AND ON BEHALF OF A CLASS OF SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>GOLD CROWN MANAGEMENT, L.L.C.,<br>Serve Registered Agent:<br>Nevin Dewar<br>3521 E. 51st St.<br>Kansas City, MO 64130,<br><br>Defendant. | Case No.: 19-630<br>JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

Plaintiffs, Nichole Hankins and Charles Dudding, individually and on behalf of all others similarly situated, by and through their counsel, and for their Complaint against Defendant Gold Crown Management, L.L.C. ("GCM") hereby states and alleges as follows:

1. GCM is a Missouri real estate management company. GCM owns and manages various apartment complexes in the Kansas City area.

2. GCM employs approximately 15 employees in Missouri and Kansas. These employees perform maintenance, leasing, and property management work at GCM's apartment complexes.

3. GCM advertises low paying hourly jobs on Craigslist and other websites to attract disadvantaged workers who are in dire need of employment. Defendant's policy and practice is to take advantage of these workers and deny them their earned wages and overtime pay.

1

Defendant's deliberate failure to pay its apartment complex employees their earned wages and overtime compensation violates the Fair Labor Standards Act ("FLSA").

4. Plaintiffs work in maintenance, apartment leasing and property management jobs at Defendant's apartment complexes in Gladstone, Missouri; Overland Park, Kansas; and Kansas City, Kansas.

5. This lawsuit is brought as a collective action under the FLSA to recover unpaid wages owed to Plaintiffs and all other similarly situated workers employed at Defendant's apartment complexes in Missouri and Kansas.

6. The United States Supreme Court has held that, among other things, preparatory work duties that are integral and indispensable to the principal work activity are compensable under the FLSA. *See IBP, Inc. v. Alvarez*, 126 S. Ct. 514 (2005).

7. Plaintiffs and similarly situated employees engage in numerous preparatory activities, as well as related work activities, performed at the beginning of the work day, over breaks and at the end of the work day, that are integral and indispensable for them to perform their duties. It is Defendant's policy and practice not to pay Plaintiffs, and all other similarly situated apartment complex employees for their work time and, consequently, Plaintiffs, and all other similarly situated apartment complex employees are consistently working "off the clock" and without pay. Accordingly, under the holding of *Alvarez*, as well as under consistent rulings and interpretations of the United States Department of Labor, Plaintiffs and all similarly situated employees are entitled to compensation for the time they spend working pre-shift, post-shift and over unpaid breaks.

8. Some of the Plaintiffs and some of the similarly situated employees resided in apartments owned by GCM. GCM deducted rent from the employees' paychecks. It was the

practice and policy of GCM to deny employees who rented apartments their full wages. Further, it was the practice and policy of GCM to deny employees their final paychecks when they separated from GCM. GCM always claimed that the employees damaged the apartments and used the bogus damage claims to deny employees their final wages.

## JURISDICTION AND VENUE

9. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claims is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

10. This Court has jurisdiction over Plaintiffs' state law claims pursuant to: (1) 28 U.S.C. § 1332(a) because the state claims are so related to the FLSA claims that they form part of the same case or controversy.

11. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events giving rise to the claims occurred in this jurisdiction.

## PARTIES

12. Defendant GCM is a Missouri limited liability company with its principal place of business in Kansas City, Missouri. GCM does business in the States of Missouri and Kansas.

13. Plaintiffs Nichole Hankins and Charles Dudding are residents of Kearney, Missouri.

## GENERAL ALLEGATIONS

14. Defendant owns and manages apartment complexes in Missouri and Kansas. Upon information and belief, Defendant owns and manages Prospect Studios in Gladstone, Missouri; 79 Metcalf Apartment Homes in Overland Park, Kansas; and Mission Studios in Kansas City, Kansas.

3

15. The principal duties of Defendant's hourly apartment complex employees are: 1) maintenance work, which includes "make ready" work; or 2) apartment leasing; or 3) property management.

16. Defendant pays Plaintiffs and other maintenance employees, leasing agents, and property managers on an hourly basis, and classifies Plaintiffs and other maintenance employees, leasing agents, and property managers "non-exempt" under the FLSA. The majority of Defendant's workers are full-time employees scheduled to work 40-hours per week, but required to work more than 40-hours per week.

17. Defendant's maintenance employees, leasing agents, and property managers are not allowed to accurately record all time they work. According to Defendant's policy, overtime is prohibited. Maintenance employees, leasing agents, and property managers are not allowed to clock in if they begin work before their scheduled start time (even though many are required to report to work prior to their scheduled shift); they are required to clock out for lunch even if they do not take a lunch; and they are required to clock out at the end of their scheduled shift, but they are often required to work off the clock after their work is completed.

18. Because Defendant's policy forbids overtime, Defendant does not pay maintenance employees, leasing agents, and property managers for work performed pre-shift, post-shift and over unpaid meal breaks.

19. Defendant could easily and accurately record the actual time maintenance employees, leasing agents, and property managers spend working. Upon information and belief, the Department of Labor has previously investigated the pay practices of Defendant. Defendant intentionally violates the FLSA in order to avoid paying employees overtime compensation.

4

20. Defendant's policy and practice of forbidding overtime compensation and willfully failing to keep accurate time records is intentional. Defendant enjoys ill-gained profits at the expense of its hourly employees, many of whom are disadvantaged and dependent on their employer for living accommodations.

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

21. Plaintiffs reassert and re-allege the allegations set forth in paragraphs 1 through 20 above.

22. Plaintiffs brings Count I, the FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) defined as follows:

> all current and former maintenance employees, leasing agents and property managers employed by Defendant who have worked at any time during the last three (3) years in Missouri and/or Kansas.

23. The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

24. Plaintiffs, individually and on behalf of all other similarly situated employees, seek relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to accurately record all hours worked and failing to pay employees for all hours worked, including overtime compensation. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from the records of Defendant, and potential class members may easily and quickly be notified of the pendency of this action.

25. Furthermore, Plaintiffs Nichole Hankins and Charles Dudding (collectively referred to herein as "Class Representatives") brings Counts II & III, Missouri state law claims, as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of themselves and as a representative of the following persons:

5

all current and former hourly maintenance employees, leasing agents, and property managers employed by Defendant who have worked at any time during the last five (5) years in the state of Missouri.

26. Plaintiffs' state law claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action.

27. There are common questions of fact and law as to the class which predominate over any questions affecting only individual class members. The questions of law and fact common to the classes arising from Defendant's actions include, without limitation, the following:

    a. Whether Plaintiffs and all similarly situated individuals are compensated for all preparatory, conclusory, and other work-related activities;

    b. Whether Defendant's compensation policy and practice accounts for the time Plaintiffs and all similarly situated individuals are actually working;

    c. Whether Defendant's policy violates Missouri state wage and hour laws; and

    d. Whether Defendant willfully violated state and federal wage and hour law.

28. The questions set forth above predominate over any questions that affect individual persons, and a class action is superior with respect to consideration of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

29. The Class Representatives' claims are typical of those of the class, in that class members have been employed in the same or similar positions as the named Class Representatives and were subject to the same or similar unlawful practices as the named Class Representatives.

30. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members could create inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

31. Class Representatives are an adequate representative of the class because they are members of the class and their interests do not conflict with the interests of the other members of the class they seek to represent. The interests of the members of the class will be fairly and adequately protected by the Class Representatives and the undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment and class action litigation.

32. Maintenance of these claims as a class action is a fair and efficient method for the adjudication of this controversy. It would be impracticable and undesirable for each member of the class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

## COUNT I

### Violation of the Fair Labor Standards Act of 1938

**(Brought Against Defendant by Plaintiffs Individually and on Behalf of All Others Similarly Situated)**

33. Plaintiffs reassert and re-allege the allegations set forth in paragraphs 1 through 32 above.

34. At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq*.

35. The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 27(a)(1).

36. Defendant is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and their employees are engaged in commerce.

37. Defendant violated the FLSA by failing to pay for overtime and by failing to pay maintenance employees, leasing agents, and property managers for all hours worked. In the course of perpetrating these unlawful practices, Defendant has also willfully failed to keep accurate records of all hours worked by its employees.

38. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiffs or other maintenance employees, leasing agents, or property managers

39. Plaintiffs, and all similarly situated employees, are victims of a uniform and facility-wide compensation policy. Upon information and belief, this uniform policy, in violation of the FLSA, has been applied to all maintenance employees, leasing agents, and property managers who worked in Defendant's apartment complexes.

40. Plaintiffs and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint,

8

Case 4:19-cv-00630-BP   Document 1   Filed 08/08/19   Page 8 of 16

plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard of whether its conduct was prohibited by the FLSA.

41. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant did not act willfully in failing to pay overtime pay, Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

42. As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiffs and all similarly situated employees. Accordingly, Defendant is liable pursuant to 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

**WHEREFORE**, Plaintiffs and all similarly-situated employees demand judgment against Defendant and pray for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; (5) notice to be sent to all eligible employees of their right to participate in this case; (6) a declaration that Defendant's policy violates the FLSA; (7) corrective notice; and (8) such other relief as the Court deems fair and equitable.

## COUNT II

## FAILURE TO PAY WAGES PURSUANT TO MO. REV. STAT. § 290.500, *et. seq.*

43. Plaintiffs incorporate and re-allege the foregoing paragraphs 1 through 42 as if fully

set forth herein.

44. Plaintiffs and the class were employed by Defendant and were required to perform integral and indispensable work activities without pay, including overtime pay.

45. Said work often required Plaintiffs and the class to work in excess of forty (40) hours per week.

46. Plaintiffs and the class were treated as non-exempt employees by the Defendant under the Missouri wage statutes.

47. The Missouri wage laws require each covered employer, such as Defendant, to compensate all non-exempt employees for services performed at the proper rate of pay and to compensate them at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week.

48. All similarly situated employees working for Defendant are similarly situated in that they were subject to the same policy that did not compensate for all integral and indispensable work activities performed during the continuous workday.

49. These employees are similarly situated in that they are all subject to Defendant's identical compensation policies and plan that fails to lawfully compensate them.

50. This Complaint is brought and maintained as a class action for all state law claims asserted by the Plaintiffs because their claims are similar to the claims of the class members.

51. The names and addresses of the class members are available from Defendant. Defendant failed to compensate Plaintiffs and the class members at the proper rate of pay, and therefore, Defendant has violated, and continues to violate, the Missouri wage laws, Mo. Rev. Stat. 290.500, *et. seq.,* including 8 C.S.R. 30-4.010 and 8 C.S.R. 30-4.020 (2).

52. The Plaintiffs, on behalf of themselves and all similarly situated employees of

Defendant, seeks damages in the amount of all respective unpaid minimum wages and straight time plus overtime compensations at a rate of one and one-half times the proper, and legal rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages, as provided by the Missouri Minimum Wage Maximum Hours Laws and such other legal and equitable relief as the Court deems just and proper.

53. The Plaintiffs, on behalf of themselves and all similarly situated employees of Defendant, seeks recovery of all attorney fees, costs, and expenses of this action, to be paid by Defendant, as provided by Mo. Rev. Stat. 290.500, *et. seq.*

**WHEREFORE**, Plaintiffs, on behalf of themselves and all proposed class members, prays for relief as follows:

a. Designation of this action as an action on behalf of the proposed class members and prompt issuance of notice to all class members (the Missouri Wage Law class), apprising them of the pendency of this action;

b. Designation of Plaintiffs as Representative Plaintiffs, acting for and on behalf of the class members;

c. A declaratory judgment that the practices complained of herein are unlawful under the Missouri Wage Laws, Mo Rev. Stat. 290.500, *et seq.* and an injunction against the same;

d. An award of damages of the full amount of the wage rate and an additional equal amount as liquidated damages, less the amounts actually paid to the Plaintiffs and the class by the Defendant; or

e. Pre-Judgment and Post-Judgment interest, as provided by law; and

f. Costs and expenses of this action incurred herein;

g.  Reasonable attorneys' fees and expert fees;

h.  Any and all such other and further relief as this Court deems necessary, just and proper.

## COUNT III

## FAILURE TO PAY WAGES PURSUANT TO THE KANSAS WAGE PAYMENT ACT

54. Plaintiffs reallege and incorporate by reference each and every allegation and averment set forth in paragraphs 1 through 53 of this Complaint as though fully set forth herein.

55. Plaintiffs, on behalf of themselves and all others similarly situated, bring a claim for Defendant's violation of the Kansas Wage Payment Act ("KWPA"), K.S.A. § 44-312 *et seq*.

56. At all relevant times, Defendant has been, and will continue to be an "employer" within the meaning of the KWPA.

57. At all relevant times, Defendant has employed, and/or continue to employ, "employee[s]" within the meaning of the KWPA, including Plaintiffs and all others similarly situated.

58. At all relevant times, Defendant had a policy and practice of failing and refusing to pay its hourly maintenance employees, leasing agents, and property managers all wages due, in violation of the KWPA.

59. Defendant has violated, and continues to violate the KWPA.

60. Class certification for claims under the KWPA is appropriate pursuant to Fed. R. Civ. P. 23(a) in that:

a.  There are questions of law and fact arising in this action which are common to Plaintiff and putative members of the Class, including: (i) whether Defendant's pay plan and pay policies for the employees who work as maintenance employees, leasing agents

and property managers violate their compensation rights afforded under the KWPA; (ii) whether Defendant's conduct violated the KWPA; (iii) whether Plaintiff and other members of the class have suffered damages as a result of Defendant's violation of the KWPA; and (iv) the class-wide measure of damages; and,

b. For all other relevant reasons set forth in this Complaint.

63. This class action is brought by the Plaintiffs, on behalf of themselves and all others similarly situated, for Defendant's failure to pay wages due under the KWPA, and is brought pursuant to Fed. R. Civ. P. 23(b)(2) and (b) (3).

64. Class certification of the respective Class is appropriate under Fed. R. Civ. P. 23(b)(3) because a class action is the superior procedural vehicle for the fair and efficient adjudication of the claims asserted herein given that:

a. There is minimal interest of the members of this class in individually controlling their prosecution of claims under the KWPA in that all claims will be similar in nature under the Court's analysis of the Defendant's pay plan and its compliance with these laws;

b. There is no known prior litigation being prosecuted against the Defendant by this class of employees for violations of the KWPA;

c. It is desirable to concentrate all the litigation of these claims in this form within this Court since all class members worked in Kansas and all class members will have the same legal claims for violations of the KWPA'

d. There are no unusual difficulties likely to be encountered in the management of this case as a class action and Plaintiffs and their counsel are not aware of any reason why this case should not proceed as a class action on the claim that Defendant violated the KWPA; and

e. Class members can be easily identified from Defendant's business records, enabling class members to have their claims fairly adjudicated by the court or enabling them to opt-out of this class.

65. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) because Defendant has acted on grounds generally applicable to the respective class members covered by the KWPA. Defendant has acted, and refused to act, on grounds generally applicable to the class, thereby making appropriate relief with respect to the class as a whole.

66. In the absence of a class action, the Defendant would be unjustly enriched because it would be able to retain the benefits and fruits of the wrongful violation of the KWPA.

67. The Plaintiffs have met the requirements of Fed. R. Civ. P. 23(a), 23(b)(2) and 23(b)(3).

**WHEREFORE**, Plaintiffs, on behalf of themselves and all proposed Class Members, pray for relief as follows:

a. Declaring and certifying this action as a proper class action under Fed. R. Civ. P. 23 for the claim that Defendant violated the KWPA and naming Plaintiffs Nicole Hankins and Charles Dudding as the proper class representatives;

b. Declaring and determining that Defendant violated the KWPA by failing to properly pay compensation due to Plaintiffs and other members of the Class;

c. Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees;

d. An award of damages for compensation due for the Plaintiffs and the putative members of the Class;

e. Pre-Judgment and Post-Judgment interest, as provided by law; and

f.  Any and all such other and further legal and equitable relief as the Court deems necessary, just and proper.

## COUNT IV
## QUANTUM MERUIT/UNJUST ENRICHMENT

68. Plaintiffs reallege and incorporate by reference each and every allegation and averment set forth in paragraphs 1 through 67 of this Complaint as though fully set forth herein.

69. Defendant has been and is being enriched by making deficient payments for work performed by Plaintiffs and other similarly situated employees. Defendant has been and is being enriched at the expense of Plaintiffs and other similarly situated employees because Plaintiffs and others were not properly compensated for their work.

70. Defendant intentionally refused to pay Plaintiffs and other similarly situated employees at the proper rate for all hours worked. Defendant knows or should know the proper rate of pay for Plaintiffs and other similarly situated employees. Such wrongful conduct demonstrates bad faith on the part of Defendant.

71. It is unjust for Defendant to retain the benefits from the unpaid work performed by Plaintiffs and other similarly situated employees.

**WHEREFORE**, Plaintiffs, on behalf of themselves and all proposed class members, prays for relief as follows:

a.  Designation of this action as an action on behalf of the proposed class members and prompt issuance of notice to all class members (the Missouri Wage Law class), apprising them of the pendency of this action;

b.  Designation of Plaintiffs as Representative Plaintiffs, acting for and on behalf of the class members;

c. A declaratory judgment that the practices complained of herein are unlawful and an injunction against the same;

d. Costs and expenses of this action incurred herein;

e. Reasonable attorneys' fees and expert fees;

f. Pre-Judgment and Post-Judgment interest, as provided by law; and

g. Any and all such other and further relief as this Court deems necessary, just and proper.

Respectfully submitted,

**WILLIAMS DIRKS DAMERON LLC**

/s/ Michael A. Williams
Michael Williams, MO Bar No. 47538
Eric L. Dirks, MO Bar No. 54921
Amy R. Jackson, MO Bar No. 70144
1100 Main Street, Suite 2600
Kansas City, MO 64105
(816) 945-7110
(816) 945-7118 (fax)

**Attorneys for Plaintiffs**